IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHARON R. SHEPARD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-CV-0031-D |
| | § | |
| HOWARD ANDREW, | § | |
| | § | |
| Defendant. | § | |

## ORDER

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case on January 28, 2025. Plaintiff filed objections on February 11, 2025 and a motion for reconsideration on February 24, 2025. The undersigned district judge reviewed *de novo* the portions of the proposed findings, conclusions, and recommendation to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendation for plain error. Finding no error, the court adopts the findings, conclusions, and recommendation of the United States Magistrate Judge.

Perhaps because she is not a trained lawyer, plaintiff fails to understand why this court lacks subject matter jurisdiction to consider her lawsuit. There are essentially two ways to establish the subject matter jurisdiction of a federal court: diversity of citizenship (meaning that the parties are citizens of different states), and federal question jurisdiction. But as the magistrate judge correctly points out, plaintiff and the attorney she is suing are both likely citizens of Texas, so they are not diverse. And plaintiff is suing the attorney under Texas law for malpractice,

fraud, and negligence, which are not federal questions.

Accordingly, because plaintiff has not established that this court has subject matter jurisdiction over her lawsuit, the court dismisses the suit without prejudice by judgment filed today.

**SO ORDERED**.

February 28, 2025.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE